**William James UTSMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45540.**

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

---

2. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. See also the requirements of Article 38.22, V.A.C.C.P.

George D. Street, Michael J. Adams, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of barbiturates. The jury assessed the punishment at confinement in jail for two years and a fine of $3,000.

██ The appellant complains that the trial court erred in denying his motion for change of venue and abused its discretion in refusing to grant an extension of time to file a statement of facts.

The appellant filed his motion for change of venue with affidavits of three compurgators. This was in compliance with Article 34.01, Vernon's Ann.C.C.P. The State did not file controverting affidavits. After the motion to change venue was overruled, the appellant entered a plea of guilty.

██ Did the appellant waive any claimed error when he entered a plea of guilty? In Fierro v. State, Tex.Cr.App., 437 S.W.2d 833, this Court held:

"A plea of guilty, if voluntarily and understandingly made, is conclusive as to defendant's guilt and waives all non jurisdictional defects including claimed deprivation of federal constitutional due process. Hoskins v. State, Tex.Cr.App. 425 S.W.2d 825; Law v. Beto, 5 Cir., 370 F.2d 369, cert. denied, 389 U.S. 863, 88 S.Ct. 123, 19 L.Ed.2d 132; Litton v. Beto, 5 Cir., 386 F.2d 820; Bee v. Beto, 5 Cir., 384 F.2d 925.[1] "

The Court also held in Andrade v. State, Tex.Cr.App., 470 S.W.2d 194, that a defendant's plea of guilty waives any constitutional question as to search and seizure. See Durham v. State, Tex.Cr.App., 466 S. W.2d 758, and Soto v. State, Tex.Cr.App., 456 S.W.2d 389.

In Gonzales v. State, Tex.Cr.App., 458 S.W.2d 926, a motion to suppress a confession was overruled. There was no showing that the plea was not voluntary. The Court held that the plea was an effective waiver of any pretrial irregularities.

The Supreme Court of the United States held that constitutional rights were waived when a defendant voluntarily enters a plea of guilty. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Parker v. North Carolina, 397 U.S. 790, 90

---

1. A plea of guilty in a misdemeanor case is conclusive as to a defendant's guilt. Foster v. State, 422 S.W.2d 447. This also applies to a plea of guilty before a jury in a felony case. E. g., Rojas v. State, Tex.Cr.App., 404 S.W.2d 30. However, where a plea of guilty in a felony case is made before the court without a jury, evidence to establish a defendant's guilt must be introduced. Article 1.15, Vernon's Ann.C.C.P.

S.Ct. 1458, 25 L.Ed.2d 785; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

██ A trial court in Texas may not accept a plea of guilty or nolo contendere by a defendant with the understanding that he may preserve his right to appeal an adverse ruling. Killebrew v. State, Tex.Cr. App., 464 S.W.2d 838, and Chavarria v. State, Tex.Cr.App., 425 S.W.2d 822. To enter a plea of guilty one must waive such rights.

The Arkansas Supreme Court in Hudspeth v. State (1934), 188 Ark. 323, 67 S. W.2d 191 cert. denied, 296 U.S. 642, 56 S. Ct. 178, 80 L.Ed. 456, held that even though the trial court erroneously denied a motion for change of venue, this error was waived when the defendant entered a plea of guilty. Cf. Johnston v. Florida, 112 Fla. 189, 150 So. 278 (1933).

We hold that when the appellant entered his plea of guilty, he waived his right to complain of the failure to change venue.

██ The contention that the denial of an extension of time for the filing of a transcription of the court reporter's notes or statement of facts was an abuse of discretion is not supported by the record. The motion for the extension of time was filed November 24, 1971. The trial court in the order denying the motion recited that the appellant gave notice of appeal August 24, 1971, making November 24, 1971, the last day to file the statement of facts under Article 40.09, Vernon's Ann. C.C.P., and that the appellant had not ordered a statement of facts at any time, but tendered the money to the court reporter on the last day.

No affidavit of indigency appears in the record. No request for the statement of facts prior to the request for extension of time is shown.

No error has been shown.

The judgment is affirmed.

ONION, Presiding Judge (concurring).

The appeal results from a conviction for possession of a dangerous drug: "to wit: Barbiturate." The punishment was assessed by the jury at confinement in the county jail for two years and a fine of $3,000.00.

Initially, appellant contends the trial court erred in denying appellant's motion for change of venue claiming that his motion was not controverted by the State. He relies, among other authorities, upon Wall v. State, 417 S.W.2d 59, 63 (Tex.Cr. App.1967), and Cox v. State, 90 Tex.Cr.R. 106, 234 S.W. 72, 73 (1921).

The complaint and information alleged the offense charged occurred "on or about July 16, 1970." Such instruments were filed on July 20, 1970. After the case had been passed three times at appellant's request, he filed the motion for change of venue in question on January 11, 1971. The cause had been set for trial on the following day. On that date, January 12, 1971, the appellant filed his first motion for continuance based on the fact that in addition to his two retained counsel, he was now represented by an out-of-county lawyer-legislator and that he was entitled to a continuance pursuant to Article 2168a, Vernon's Ann.Civ.St., since the Legislature was currently in session or would be within thirty days of such date. On the same date, the court granted such motion and set the case for trial on July 12, 1971. On that date, the court overruled the motion for change of venue in this misdemeanor case. The State's brief confesses no controverting affidavits were filed, but the record fails to reflect that the appellant did not waive the same or whether evidence was heard on the motion without objection. A transcription of the court reporter's notes is not in the record before us. If the appellant waived controverting affidavits on the part of the State, or if the court heard evidence before deciding the issue, the rule relied upon by the appellant has no application. Cox v. State, supra.

In absence of a transcription of the court reporter's notes, an agreed statement of facts, a stipulation, etc., we are unable to conclude that the rule relied upon by the appellant should be applied.

Further, after the motion for change of venue was overruled, the appellant then entered a plea of guilty to the instant misdemeanor charge before a jury and filed his motion for probation.

Under the circumstances, we need not decide whether the appellant waived any error as to the failure to change venue when he subsequently entered a plea of guilty. And I would not so decide in this case.

For the reasons stated, I concur.

MORRISON, J., joins in this concurrence.