Shermain Nadine YOUNG, Appellant,

v.

The STATE of Texas.

No. 1579–96.

Court of Criminal Appeals of Texas, En Banc.

Jan. 5, 2000.

James R. Walker, Jr., Brian W. Wice, Houston, for appellant.

Michael R. Little, Dist. Atty., Liberty, Betty Marshall, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for the State.

WOMACK, J., delivered the opinion of the Court, in which MEYERS, PRICE, HOLLAND, JOHNSON, and KEASLER, JJ., joined.

In this case we reconsider the "*Helms* Rule" that, "Where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived," *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.App.1972).

## I.

When the appellant got off a flight from Belize at Houston Intercontinental Airport, an immigration inspector decided that she should be excluded from entry into the United States. She was to be detained overnight and returned to Belize the following day. She was taken to the Liberty County jail, which had a contract with the Immigration and Naturalization Service to house detainees. When she was searched at the jail, cocaine was found taped to her legs.

The appellant was indicted for possession of cocaine in the amount of at least 200 grams but less than 400 grams. She moved to suppress the evidence of her possession of cocaine on the ground that it was obtained incident to an illegal arrest. The district court heard evidence on the motion and denied it. Immediately after that ruling the appellant waived trial by jury and pleaded guilty. There was no plea-bargain agreement between the appellant and the State. After preparation of a presentence investigation report, the court held a hearing on punishment and sentenced the appellant to ten years in prison.

The appellant asked the court of appeals to reverse her conviction because the trial court erred by denying her motion to suppress evidence. She also asked the court to overrule *Helms*. The court of appeals held that the appellant was precluded from appealing the trial court's ruling on the motion to suppress because, in a case in which there was no plea-bargain agreement, the *Helms* Rule meant that such matters were waived. *Young v. State*, 940 S.W.2d 680, 681 (Tex.App.—Beaumont 1996). The court held that it was not authorized to overrule *Helms*. *Ibid.* It suggested that the appellant should have pleaded not guilty to avoid the *Helms* Rule. *Id.* at 681–82.

We granted discretionary review on our own motion [1] and requested the parties to brief and argue the question, whether the Court should reconsider its decision in *Helms*.

## II.

The "*Helms* Rule" is a distortion of a rule that we imported from federal habeas corpus decisions. This federal rule was born at a time in which we found, as we said in *Ex parte Young*, 418 S.W.2d 824, 826 (Tex.Cr.App.1967):

New concepts of the meaning of due process announced by the Supreme Court of the United States are binding on State as well as Federal Judges, and their duties and responsibilities in the administration of federal constitutional law are co-equal.

A judgment of conviction obtained in violation of due process of law is void for want of jurisdiction of the court to enter such judgment. *Fay v. Noia*, 372 U.S. 391[, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) ].

Habeas corpus is an appropriate means by which relief from confinement under a void conviction may be obtained in the State as well as in the Federal Courts.

The first antecedents of the *Helms* Rule entered our jurisprudence as *obiter dicta* in *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr.App.1968). Hoskins appealed from the revocation of his probation, claiming that insufficient evidence was entered to prove his guilt in the earlier proceeding at which he pleaded guilty and was granted probation. The Court held that it was well settled that Hoskins, having failed to appeal at the time of his original conviction, could not bring such a challenge after the revocation of probation. Then we added a reference to a rule that the United States Court of Appeals for the Fifth Circuit had developed in its habeas corpus cases from Texas:

With reference to appellant's claim of deprivation of federal constitutional due

---

1. *See* Tex.R.App. P. 67.

process, attention is directed to *Bee v. Beto,* 384 F.2d 925, wherein the Fifth Circuit Court of Appeals held that a guilty plea entered by a Texas state defendant was conclusive as to the defendant's guilt, admitted all facts charged in the indictment and waived all nonjurisdictional defects, citing *White v. Beto,* 367 F.2d 557; *Law v. Beto,* 370 F.2d 369 and *Haynes v. United States,* 372 F.2d 651.

*Id.* at 829–30.

In turn, the authority for all the decisions that we cited in *Hoskins* is another decision of the federal court, *Busby v. Holman,* 356 F.2d 75 (5th Cir.1966).[2] Busby had been charged in Alabama with rape, which was a capital offense, and robbery. He had given a confession while he was in jail. His counsel and the prosecutor agreed that, if Busby would change his plea to guilty of rape, the prosecutor would recommend a life sentence and dismiss the robbery charge. Busby agreed to follow that procedure and pleaded guilty "voluntarily, intelligently and with full knowledge of the consequences." *Id.* at 77. Later he sought habeas corpus relief in federal court on the ground that his conviction was invalid because his jail-house confession had been coerced and taken while he was without counsel. The court of appeals held:

> There is no merit in this contention, even if we assume that the appellant's confession was not voluntary and even if we assume further that he was required to be furnished with counsel when he was being interrogated even though he did not ask for such assistance. For the confession was not offered in evidence in view of the fact that the appellant pleaded guilty and the question of its legality is relevant in the present proceedings only to the extent that it may have affected the voluntary character of the appellant's plea. It is settled by a host

of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. Accordingly, a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made.

*Ibid.* (footnotes omitted).

The Supreme Court would soon agree with the Fifth Circuit's reasoning. In *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), state prisoners brought habeas corpus cases in federal court, alleging that their guilty pleas were motivated by involuntary confessions. The Court said:

> A conviction after trial in which a coerced confession is introduced rests in part on the coerced confession, a constitutionally unacceptable basis for conviction. It is that conviction and the confession on which it rests that the defendant later attacks in collateral proceedings. The defendant who pleads guilty is in a different posture. He is convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment,

---

**2.** *Bee, Law,* and *Haynes,* all rely on *White,* the sole authority for which is *Busby. See White,*

367 F.2d at 559.

has never been offered in evidence at a trial, and may never be offered in evidence. ...

What is at stake in this phase of the case is not the integrity of the state convictions obtained on guilty pleas, but whether, years later, defendants must be permitted to withdraw their pleas, which were perfectly valid when made, and be given another choice between admitting their guilt and putting the State to its proof. ... This would be an improvident invasion of the State's interests in maintaining the finality of guilty-plea convictions that were valid under constitutional standards applicable at the time. It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act.

*Id.* at 773–74, 90 S.Ct. 1441.

*McMann* was one of the *Brady* trilogy: three cases decided on the same day in which the Court held that, after the entry of a guilty plea which was otherwise voluntary and untainted by ineffective assistance of counsel, a defendant could not collaterally attack the judgment in federal court on a theory that the guilty plea was coerced because of constitutional violations that were not the basis of the judgment.[3] A few years later in *Tollett v. Henderson,* 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Court "reaffirm[ed] the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

Therefore the rule that we quoted in *Hoskins,* and which was validated by subsequent decisions of the Supreme Court, was the rule for habeas corpus attacks on a judgment that resulted from a guilty plea in which the unconstitutionally-obtained evidence was not the basis for the judgment. During the time that this rule filtered through the federal judicial system, we began to apply it to our appeals.

The first of our cases to have applied this rule to a contention that evidence was inadmissible in a guilty plea was *Fierro v. State,* 437 S.W.2d 833 (Tex.Cr.App.1969). In that appeal from a conviction for possession of heroin, we said:

The three grounds of error set forth in appellant's brief relate to the overruling of his motion to suppress the evidence obtained as the result of an illegal search and appellant's alleged confession following such search, and the contention that excluding the fruits of the illegal search and seizure, the evidence is insufficient to support any conviction in this case.

A plea of guilty, if voluntarily and understandingly made, is conclusive as to the defendant's guilt and waives all non jurisdictional defects including claimed deprivation of federal constitutional due process. *Hoskins v. State,* Tex.Cr.App., 425 S.W.2d 825; *Law v. Beto,* 5 Cir., 370 F.2d 369, *cert. denied,* 389 U.S. 863, 88 S.Ct. 123, 19 L.Ed.2d

---

**3.** *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759 (1970); *Parker v.* *North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

132; *Litton v. Beto*, 386 F.2d 820; *Bee v. Beto*, 384 F.2d 925.

*Id.* at 834.

*Fierro* was followed by two other appeals from guilty pleas in drug-possession cases, which we disposed of in like fashion.[4] In the first of these appeals, *Soto v. State*, 456 S.W.2d 389, 390 (Tex.Cr.App. 1970), we said:

> Appellant contends that the heroin was unlawfully obtained. We need not pass upon this contention, because, if a plea of guilty is voluntarily and understandingly made, it is conclusive as to the defendant's guilt and waives all non-jurisdictional defects including claimed deprivation of federal constitutional due process. *Fierro v. State, supra,* and cases cited therein.

Then, in *Helms*, 484 S.W.2d at 926, we said:

> Appellant contends that the court was in error in admitting evidence [of possession of marihuana] obtained as the result of an illegal search and seizure. Where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived. *Soto v. State*, Tex.Cr.App., 456 S.W.2d 389; *Fierro v. State,* Tex.Cr.App., 437 S.W.2d 833. We perceive no error.

Thereafter the *Helms* Rule has been frequently applied, and occasionally criticized,[5] but we have not reconsidered its premises or the full effect of the developments in the law that have followed it.

## III.

The rule of *Hoskins, Fierro,* and *Soto,* which ultimately was followed in the *Brady* trilogy, is significantly different from the *Helms* Rule. In the first three opinions we cited a federal rule that said "a guilty plea entered by a Texas state defendant was conclusive as to the defendant's guilt."[6] The *Helms* Rule, "Where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived," omits the statement that the plea is conclusive as to guilt. This difference is the reason that the rule is called the *Helms* Rule, rather than the *Soto* Rule or the *Fierro* Rule or the *Hoskins* Rule. *Helms* was the first opinion in which the consequence of waiver was prescribed without some requirement that the plea be independent of preceding error or sufficient to support a judgment. The omission is very significant, for two reasons.

First, if the reason for the rule is that the plea of guilty is conclusive as to the defendant's guilt, the rule would not justify forfeiture of claims of error that do not go to the question of guilt, such as denials of motions to dismiss because the penal statute was invalid[7] or the period of limitation had expired.[8]

Second, if the reason for the rule is that the plea of guilty is conclusive as to the defendant's guilt, the rule would not apply to a felony case in which a jury has been waived. Texas has a unique requirement that, if a jury trial has been waived, the judgment of guilt in a felony case must be

---

4. In a third case, *Glenn v. State*, 442 S.W.2d 360, 361 (Tex.Cr.App.1969), *Hoskins* was quoted, but in that case the defendant had pleaded guilty before the trial court made any decision on his pre-trial motion to suppress evidence.

5. *See* Judge Clinton's dissents in *Dees v. State*, 676 S.W.2d 403, 406 (Tex.Cr.App.1984), and *King v. State*, 687 S.W.2d 762, 766 (Tex.Cr. App.1985).

6. *Hoskins*, 425 S.W.2d at 829–30. *See Fierro,* 437 S.W.2d at 834 ("A plea of guilty, if volun-

tarily and understandingly made, is conclusive as to the defendant's guilt"); *Soto,* 456 S.W.2d at 390 ("if a plea of guilty is voluntarily and understandingly made, it is conclusive as to the defendant's guilt").

7. *See, e.g., Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

8. *See, e.g., Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965).

supported by evidence even when a plea of guilty was entered.[9] This was a deliberate choice that a plea of guilty not be conclusive.

The requirement of evidence was part of a 1931 act that amended a statute to permit a jury trial to be waived. Before 1931 the statute required a jury in every felony trial in Texas. In 1930 the Supreme Court held that the Sixth Amendment was not violated by the waiver of trial by jury in a criminal case in the federal courts. *Patton v. United·States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854. The Court also said that maintenance of the jury in criminal cases was so important that, "before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." *Id.* at 312, 50 S.Ct. 253.[10]

Texas promptly amended its statute to permit the waiver of jury trial "in order to reduce the expense of law enforcement and to hasten the disposition of felony cases wherein pleas of guilty are entered."[11] The amendment incorporated the *Patton* requirement that the defendant's waiver must be consented to by the prosecutor and approved by the court.[12]

The requirement of evidence showing guilt was not based on any constitutional requirement. So far as the Constitution of the United States is concerned, a voluntary and knowing plea of guilty is a sufficient basis for a judgment of guilt.[13] The 1931 statute embodies a legislative policy. According to one judge, "Obviously the legislature had a good reason for making that requirement [of evidence], that reason being that it did not want any man whom the state could not and did not prove guilty of the crime charged sent to the penitentiary upon his plea of guilty before a trial court." *Braggs v. State*, 169 Tex. Cr. 405, 407, 334 S.W.2d 793, 794 (1960) (opinion of Davidson, J.).

The *Helms* Rule, therefore, imposes on a guilty plea the procedural consequence that was established in the line of federal cases from which it is descended[14]—a knowing and voluntary plea of guilty waives claims of errors that preceded the plea. But it omits the rationale of the federal decisions, which is that a valid plea

9. Tex.Code Crim. Proc. art. 1.15 (emphasis added):

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea,.has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that *it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment* and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court

in writing, and be filed in the file of the papers of the cause.

10. The author of the government's brief in *Patton*, who later became Dean of the Harvard Law School and Solicitor General of the United States, said he never understood the basis for the Court's requiring the consent of the prosecutor and the approval of the trial court. Erwin N. Griswold, Oulde Fields, New Corne 84 (1992).

11. Act of April 9, 1931, 42d Leg., R.S., ch. 43, §§ 1–3, 1931 Tex. Gen. Laws 65–66.

12. *See* Tex.Code Crim. Proc. art. 1.13.

13. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex.Cr.App.1986).

14. This is the line that began with *Busby v. Holman*, 356 F.2d 75 (5th Cir.1966), and continued through *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *see supra* at pp. 657–60.

of guilty has this consequence because it is independent of such errors, and is sufficient to support the judgment of conviction.[15] When the *Helms* Rule is applied to foreclose appellate review of a judgment that was not independent of an antecedent error, or a judgment that was based in part on inadmissible evidence to which proper objection was made, the consequence is not justified by the rationale of the rule. To be justified by its premises and consistent with its precedents, a rule of waiver would be imposed on pleas of guilty (or nolo contendere) only to the extent that the resulting judgment of conviction was independent of the error being raised on appeal.[16]

15. The rationale is plainly stated in the cases.
It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor.
*Busby*, 356 F.2d at 77.
The defendant who pleads guilty is ... convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence.
*McMann*, 397 U.S. at 773, 90 S.Ct. 1441.
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
*Tollett*, 411 U.S. at 266, 93 S.Ct. 1602.

16. When this Court has been unconstrained by the *Helms* Rule, our decisions have broad-

## IV.

In *Hoskins, Fierro, Soto,* and *Helms,* we also passed over the difference between a direct appeal in state court and a collateral attack in federal court.

The distinction was made in the cases that we cited in our earliest opinion, *Hoskins.* Three of the cases were federal habeas corpus attacks on judgments that resulted from guilty pleas in Texas courts, and in which the prisoners complained of constitutional violations that occurred before they pleaded guilty. The federal courts applied the rule of waiver which we quoted to the three habeas corpus applicants, who were held to have waived their

ened the availability of the conditional-appeal procedure.

In *Isam v. State,* [582 S.W.2d 441 (Tex.Cr. App.1979)], this Court addressed the issue of proper application of former Article 44.02, V.A.C.C.P. to pleas of guilty or nolo contendere in misdemeanor prosecutions. The Court held that the rule announced in *Brown v. State,* 507 S.W.2d 235 (Tex.Cr. App.1974), that such pleas admit every element of the offense charged, "does not apply to an appeal from a misdemeanor guilty plea that challenges the ruling on ... a pretrial motion." 582 S.W.2d at 444. A contrary holding, we observed, would have "thwarted" one of the legislative purposes underlying Article 44.02, [*see infra,* p. 665] viz: to encourage guilty pleas in cases where the only contested issue is some matter such as the lawfulness of a search or voluntariness of a confession, *see Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), in that application of the rule in *Brown, supra,* would defeat the necessity for an appellate determination of such issues. *Isam,* at 443. Thus, much as we have lately held that a judicial confession given in support of a plea of guilty or nolo contendere in a felony prosecution will not, standing alone, obviate substantive treatment of the merits of a pre-trial motion to suppress, *Morgan v. State,* 688 S.W.2d 504 (Tex.Cr. App.1985), neither will such a plea in a misdemeanor prosecution by itself defeat the defendant's appeal merely because it has been held for other purposes to admit every element of the offense charged.
*Kraft v. State,* 762 S.W.2d 612, 613 (Tex.Cr. App.1988).

constitutional complaints. The fourth case, *Haynes v. United States*, 372 F.2d 651 (5th Cir.1967), was a direct appeal of a pre-trial ruling after a guilty plea in federal court. Haynes was allowed to present his point of error on appeal. The rule of waiver was quoted in *Haynes*, but it was not applied because the court went on to hold that a guilty plea does not necessarily foreclose appeal:

> A guilty plea is a waiver of all nonjurisdictional defects and defenses and admits the facts charged, *White v. Beto*, 5 Cir., 1966, 367 F.2d 557; *Law v. Beto*, 5 Cir., 1966, 370 F.2d 369. Where, prior to his guilty plea, a defendant appropriately raises the unconstitutionality of the applicable statute, an appeal, directed to that issue, is not foreclosed, *Ex Parte Siebold*, 100 U.S. 371, 25 L.Ed. 717 (1879); *Rice v. United States*, 5 Cir., 1929, 30 F.2d 681; *United States v. Ury*, 2 Cir., 1939, 106 F.2d 28, 124 A.L.R. 569.

*Id.* at 652. Far from being waived, the pre-trial ruling was ultimately held to be error. *See Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) (proper claim of the privilege against self-incrimination provided a full defense to any prosecution under 26 U.S.C. § 5841 for failure to register a firearm or under § 5851 for possession of an unregistered firearm). So it is certainly permissible for appeal to be taken from a pre-trial ruling that is followed by a guilty plea.

The procedure that makes such an appeal possible is a "conditional plea" of guilty, by which a plea of guilty is "conditioned on" the right to appeal a pre-trial ruling. A conditional plea of guilty is not a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant. This procedure was expressly recognized in the very line of cases on which the *Helms* Rule was supposedly based.[17] Such conditional pleas are permitted in federal courts [18]and in some states.[19]

Before 1966 there was little or no possibility of a conditional appeal in a Texas court because our law did not provide for a pre-trial hearing to resolve such questions as the admissibility of evidence. The pre-trial hearing and the motion to suppress evidence were authorized by statute by the enactment of article 28.01 of the Code of Criminal Procedure when the Code was recodified in 1965.[20] The chairman of the drafting committee and two jurists who would become presiding judges of the Court of Criminal Appeals remarked on the novelty of these procedures and their value as time-saving devices in the trial of the case.[21] Their comments did not men-

17. In addition to *Haynes, supra,* the Supreme Court adverted to the conditional plea in *McMann*. "[T]he plea is also a waiver of trial—and unless the applicable law otherwise provides, [note 11] a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant." *Id.,* 397 U.S. at 766, 90 S.Ct. 1441 (1970). In the footnote, the Court observed that New York adopted a procedure for a conditional plea after the petitioners pleaded guilty. *See ibid.* n. 11.

18. **"Conditional Pleas.** With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea." FED.R.CRIM.P. 11(a)(2).

19. *See generally Lefkowitz v. Newsome,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).

20. "Act establishing and adopting a Code of Criminal Procedure for the State of Texas," 59th Leg., R.S., ch. 722, § 1, art. 28.01, 1965 Tex. Gen. Laws, vol. 2, p. 317, 432.

21. FRED ERISMAN, *Introduction to 1965 Revision,* 1 VERNON'S ANNOTATED CODE OF CRIMINAL PROCEDURE XI, XIX (1966) ("In an effort to avoid delays that could have been anticipated provisions are made for hearings on ... motions to suppress evidence"; W.A. MORRISON, *Interpretive Commentary,* 2 VERNON'S ANNOTATED CODE OF CRIMINAL PROCEDURE 340 (1966)) ("In order to expedite trials and save waiting time for jurors, the Committee provided for a pre-trial hearing to be had prior to the day set for trial"); John F. Onion, Jr., *Special Commen-*

tion the possibility that trials could be obviated entirely if the pre-trial ruling on a motion to suppress evidence could be appealed after a conditional plea of guilty.

In the first attempt to appeal a pre-trial ruling by way of a conditional plea under the 1965 Code revisions, the defendant in a heroin-possession case changed his plea to nolo contendere after the trial court overruled his motion to suppress the evidence. The trial court told the defendant his plea of nolo contendere "would protect him on his motion to suppress ... [and] retain any rights he has on this constitutional question." *Chavarria v. State*, 425 S.W.2d 822, 823 (Tex.Cr.App.1968). This Court pointed out that "the legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as the criminal prosecution is concerned." *Ibid.* We said, "The judgment entered upon such plea demonstrated the correctness of such holding," since the judgment said in one place that the plea was nolo contendere and in another that it was *"Guilty."* *Ibid.* Then we concluded, "Under the record, the trial court was in error in accepting the plea of nolo contendere." *Ibid.* This holding disposed of any misconception that the availability of a conditional plea turned on whether the plea was guilty or nolo contendere. But it did not address the underlying issue: whether the new pre-trial statute authorized a conditional plea. "Strikingly similar" facts led to the same result on the same reasoning in *Killebrew v. State*, 464 S.W.2d 838, 839 (Tex.Cr.App.1971).

Then an appeal on a conditional plea of guilty, not nolo contendere, reached us. We asked, "Did the appellant waive any claimed error when he entered a plea of guilty?" *Utsman v. State*, 485 S.W.2d 573, 574 (Tex.Cr.App.1972). An opinion for a narrowly divided court quoted the rule of

waiver as it appeared in such cases as *Fierro.* We said, "The Supreme Court of the United States held that constitutional rights were waived when a defendant voluntarily enters a plea of guilty. *See McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763." *Ibid.* We did not mention the exception for conditional pleas which was specifically recognized in *McMann.*[22] Then we concluded:

> A trial court in Texas may not accept a plea of guilty or nolo contendere by a defendant with the understanding that he may preserve his right to appeal an adverse ruling. *Killebrew v. State*, Tex. Cr.App., 464 S.W.2d 838, and *Chavarria v. State*, Tex.Cr.App., 425 S.W.2d 822. To enter a plea of guilty one must waive such rights.

*Utsman*, 485 S.W.2d at 575. As we have seen, *Chavarria* and *Killebrew* contained no such holding about a conditional plea of guilty; they merely held that a plea of nolo contendere gave no greater right to appeal than a plea of guilty. Our leading decision on the availability of a conditional plea thus rests on precedents that do not support the holding, and it gave no consideration to whether the enactment of the pre-trial statute in 1965 changed the law in this regard.

During the same period of time, in two other opinions in which appellants who pleaded guilty complained of pre-trial rulings, we disposed of the points by citing *McMann* and the rest of the *Brady* trilogy of cases[23] as authority for a rule of waiver. There was no discussion of whether an appeal after a conditional plea was available. *See Andrade v. State*, 470 S.W.2d 194 (Tex.Cr.App.1971); *Gonzales v. State*, 458 S.W.2d 926 (Tex.Cr.App.1970).

tary, *id.* at 340–41 ("An innovation in Texas criminal procedure will be pre-trial hearings. ... Under the old practice such matters and motions were not required to be presented until the actual trial date, which caused jurors and witnesses to be kept waiting (sometimes for days) while such motions were heard").

**22.** *See supra* note 16.

**23.** *See supra* note 3.

We have stated that the *Helms* Rule of waiver prevented a conditional plea of guilty.[24] In light of the cases we have discussed above, a more complete statement might be that a conditional plea of guilty was prevented by a conflation of the *Helms* Rule and our decisions that such a procedure was not authorized by Texas law.

## V.

In a judicial system that does not permit a conditional plea of guilty, "a defendant who has lost one or more pre-trial motions will often go through an entire trial simply to preserve the pre-trial issues for later appellate review. This results in a waste of prosecutorial and judicial resources, and causes delay in the trial of other cases."[25] Insofar as the *Helms* Rule was used to prevent conditional pleas, it caused these evils. "[T]he *Helms* rule discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to force the State to a full trial on the merits. ... Apparently this cost the State a lot of money."[26]

In 1977 an act of the legislature recognized a conditional plea of guilty. The act amended Article 44.02, which had previously read, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." The amendment added a proviso:

provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.[27]

The main thrust of the 1977 amendment was to eliminate appeals where the defendant had entered a plea of guilty or nolo contendere before the court as a result of a plea bargain and the punishment assessed did not exceed that agreed upon.[28] The same legislature enacted another amendment to curtail the right to bail pending appeal.[29] Taken together, these two acts were aimed at eliminating, or reducing, the ability of plea-bargaining defendants to delay the execution of their sentences by taking meritless appeals (known colloquial-

---

**24.** "Before 1977, a defendant in a criminal action had a general right to appeal anything. Article 44.02, V.A.C.C.P., as enacted in 1925; former Article 813, C.C.P.1925. However, as a matter of decisional law, we held a guilty plea waived all nonjurisdictional defects in the prior proceedings; this rule is commonly known as the Helms rule." *Lyon v. State*, 872 S.W.2d 732, 734 (Tex.Cr.App.1994) (footnotes and citations omitted).

**25.** Fed.R.Crim.P. 11(a), Advisory Committee Note (1983 amendment).

**26.** *Lyon*, 872 S.W.2d at 734.

**27.** Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940. *repealed by* Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472 (authorizing Court of Criminal Appeals to promulgate rules of procedure and conditionally repealing articles of Code of Criminal

Procedure). The proviso was repealed simultaneously with the effective date of former Rule of Appellate Procedure 40(b)(1), the predecessor of Texas Rule of Appellate Procedure 25.2(b).

**28.** *Morris v. State*, 749 S.W.2d 772, 774 (Tex. Cr.App.1986).

**29.** Before 1977, all misdemeanants and all felons whose sentences did not exceed 15 years were entitled to bail. *See* Code of Criminal Procedure Act of 1965, 59th Leg., R.S., ch. 722, § 1, art. 44.04(a), 1965 Tex. Gen. Laws vol. 2, p. 317, 511. The 1977 amendment authorized trial courts to deny bail to felons whose sentences did not exceed 15 years, if there was good cause to believe that they would not appear when the convictions became final or that they would commit other offenses while on bail. *See* Act of May 25, 1977, 65th Leg., R.S., ch. 234, § 1, 1977 Tex. Gen. Laws 636. The act also authorized the courts to impose conditions on bail. *Ibid.*

ly as "street" appeals which were decided by "windy" opinions).

By recognizing that even plea-bargaining defendants could appeal rulings on written, pre-trial motions after a plea of guilty, the proviso to Article 44.04 also had the purposes of encouraging guilty pleas and discouraging the trial of cases for the mere reason of preserving an issue for appeal.[30]

As construed by this Court, the 1977 proviso authorized such conditional appeals only in plea-bargained cases.[31] It therefore could accomplish these purposes only in part, since a defendant who had no plea-bargain agreement with the State was still governed by the *Helms* Rule, and could preserve issues for appeal only by pleading not guilty.

The appellant in this case is such a defendant, and we must decide whether

---

**30.** *See Lyon,* 872 S.W.2d at 735 (amendment was made "in order 'to conserve judicial resources by encouraging guilty pleas' and to prevent 'windy' appeals").

**31.** *Prochaska v. State,* 587 S.W.2d 726 (Tex. Cr.App.1979). *Accord, e.g., Cleveland v. State,* 588 S.W.2d 942, 944 (Tex.Cr.App.1979) (alternative holding). This construction of the statute was not inevitable. After the 1977 amendment, Article 44.02 had three clauses:
(1) the original statute, which said that defendants had the right to appeal;
(2) an exception to the first clause, which said that plea-bargainers must have permission of the trial court to appeal, and
(3) an exception to the exception, which allowed even plea-bargainers the right to appeal rulings on written, pre-trial motions.
In *Prochaska* we construed the third clause as creating a new right to appeal only for the defendants who were the subject of the second clause—the plea-bargainers. This led us to some self-contradictory statements, such as that in *Cleveland,* 588 S.W.2d at 944, in which we said that the statute did not *create* a right to a conditional appeal because, "By its very language, Article 44.02, supra, does not *limit* appeals in cases, such as the instant one, where the defendant pleads guilty before the court without a plea bargain and recommendation as to punishment" (emphasis added). We found that the legislative purpose for such a statute was not clear to us. *See id.* at 729

---

the *Helms* Rule should continue to operate on her appeal.

## VI.

As we have said, the *Helms* Rule is not justified by its premises or its precedents. It has operated to deny the full benefit of the pre-trial hearing which was authorized in 1965. Largely abrogated by an act of the legislature, its continued existence is fundamentally at odds with the public policy that is expressed in that act: to increase efficiency and decrease costs by encouraging conditional pleas of guilty and discouraging trials that have only the purpose of preserving the ability to appeal issues that were fully resolved before the trial. This Court agrees with this policy. The *Helms* Rule shall no longer be enforced in the terms in which it was stated in 1972.

 Whether entered with or without an agreed recommendation of punishment

---

("whatever the reasoning ... by the Legislature, we must reluctantly conclude that the [*Helms* ] rule remains viable in a case where a plea bargain has *not* been reached"). We recognized that, thus construed, the statute encouraged conditional guilty pleas only in plea-bargained cases. *See Christal v. State,* 692 S.W.2d 656, 658 (Tex.Cr.App.1981).
It is at least as reasonable to say that the third clause merely preserved for plea-bargainers a portion of the right that was given to all defendants by the first clause—the right to appeal from a guilty plea. This construction takes into account the sequence of the three clauses, which gave a right to appeal, took away the right from some defendants, but gave it back in part. Another indication that this construction is correct is that it would effect the legislative purpose to encourage conditional pleas of guilty. The benefits that such pleas give the system do not depend in any way on the pleas being the result of bargains; the savings in time and expense are exactly the same if the guilty plea were not accompanied by a plea-bargain agreement. It was something of an inconsistency for us to have recognized that the purpose of the statute was to encourage guilty pleas, *Lyon,* 872 S.W.2d at 735, while we continued to construe the statute as though its purpose was to encourage plea bargaining.
The question is mooted by our decision today to revise the *Helms* Rule.

by the State, a valid plea of guilty or nolo contendere "waives" or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.[32] In addition, if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the substance of the appeal must have been raised by written motion and ruled on before trial (unless the appeal is for a jurisdictional defect or the trial court granted permission to appeal).[33]

■ In this case the judgment of guilt is not independent of the trial court's ruling on the motion to suppress the evidence of the offense, and the judgment would not be supported without that evidence. The court of appeals, therefore, must consider the appellant's point of error which raises the correctness of that ruling.

Reversed and remanded.

McCORMICK, P.J., delivered a dissenting opinion in which MANSFIELD and KELLER, JJ., joined.

McCORMICK, P.J., delivered a dissenting opinion, in which MANSFIELD and KELLER, JJ., joined.

I respectfully dissent. In this case a significant event occurred and the basic purpose of the criminal justice system was accomplished when, without the benefit of a plea-bargain, appellant voluntarily pled guilty in open court to the charged offense.[1] This admittedly guilty appellant now wants an appellate reversal of her conviction based on a claimed violation of her Fourth Amendment rights. This claimed Fourth Amendment violation occurred before, and had nothing to do with, appellant's guilty plea. Instead of voluntarily admitting her guilt, appellant had the option of contesting her guilt at trial and pursuing her Fourth Amendment claim in the trial court and on appeal. She also had the option to testify pretrial for the "limited purpose" of preserving her Fourth Amendment claim with no danger that her pretrial testimony would be used against her at trial.[2]

The criminal justice system's basic and overriding purpose is to ascertain the truth.[3] The ascertainment of truth, however, is not always "the only objective of our law of criminal procedure" because we "as a people have deliberately chosen to adopt laws which interfere with the truth-seeking function of the criminal trial." See *Leday v. State*, 983 S.W.2d 713, 724–25 (Tex.Cr.App.1998). Excluding reliable and probative evidence of a crime and freeing a guilty defendant because of a Fourth Amendment violation is one of these rules.[4]

The dynamics of the situation change, however, when a defendant admits her guilt in open court. When this happens,

---

**32.** Even though a guilty plea was accompanied by a judicial confession, a judgment is not independent of a ruling that admitted evidence in error. "[I]t cannot be rationally stated that this ruling [on a motion to suppress evidence] is immaterial to the validity of the guilty plea. ...[T]he court of appeals erred in not reviewing the merits of the appellant's motion to suppress." *McKenna v. State*, 780 S.W.2d 797 (Tex.Cr.App.1989).

**33.** *See* Tex.R.App. P. 25.2(b)(3).

**1.** See *McGlothlin v. State*, 896 S.W.2d 183, 191 (Tex.Cr.App.) (Meyers, J., dissenting), cert. denied, 516 U.S. 882, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995).

**2.** See *Nelson v. State*, 765 S.W.2d 401, 403 (Tex.Cr.App.1989).

**3.** See, e.g., *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 2593, 91 L.Ed.2d 305 (1986) (Powell, J., concurring in the judgment).

**4.** See *Kimmelman*, 106 S.Ct. at 2593 (Powell, J., concurring in the judgment); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 1701–08, 6 L.Ed.2d 1081 (1961) (Harlan, J., dissenting).

the criminal justice system's basic purpose of ascertaining the truth outweighs or "renders irrelevant" the defendant's interest in pursuing a Fourth Amendment claim. Compare *Leday*, 983 S.W.2d at 723 (voluntary guilty plea "waives" all previous nonjurisdictional errors), *with, Leday*, 983 S.W.2d at 731–32 (McCormick, P.J., dissenting) (this rule not based on "waiver" but on idea that voluntary guilty plea "renders irrelevant" previous nonjurisdictional errors). Generally a defendant is not permitted to "have her cake and eat it too" by pleading guilty and also pursuing a Fourth Amendment claim. This upsets the delicate balance, the "constant struggle in American criminal" jurisprudence, "between truth-finding and other values." See *Leday*, 983 S.W.2d at 725.

Here, it is clear and the Court's opinion also recognizes that precluding appellant from raising her Fourth Amendment claim offends no principle of federal constitutional law.[5] And until now, as a matter of state law, the "*Helms* Rule"[6] would have precluded appellant from raising her Fourth Amendment claim because the *Helms* Rule in striking the delicate balance "between truth-finding and other values" adopted the principle that a voluntary guilty plea "renders irrelevant" previous nonjurisdictional errors.

The Court now holds the *Helms* Rule does not preclude appellant from raising her Fourth Amendment claim because her judgment of guilt "would not be supported" without the evidence that appellant claims was seized in violation of the Fourth Amendment. This holding rests in part on the Court's conclusion that "the *Helms* Rule is not justified by its premises or its precedents" and on an examination of a defendant's statutory right to appeal as it existed before this Court's *Helms* decision in 1972.[7] These considerations, however, are irrelevant to the issue presented in this case even if the *Helms* Rule is not justified "by its premises or its precedents" and even if the *Helms* Rule misconstrued a defendant's pre–1972 statutory right "to appeal anything."

The decision in this case essentially boils down to examining what the Legislature did in 1977 in response to *Helms*. Then the general rule by virtue of *Helms* was that *all* guilty-pleading defendants were precluded from raising appellate complaints about matters or "deprivation of constitutional rights" occurring before the plea even if these errors supported the judgment of guilt.

In 1977 the Legislature effectively codified the *Helms* Rule when, having the opportunity to abrogate this rule in its entirety and to restore a defendant's pre–1972 right "to appeal anything," it made through the proviso to Article 44.02,

---

5. See *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

6. *Helms v. State*, 484 S.W.2d 925, 927 (Tex. Cr.App.1972).

7. The gist of the Court's discussion that the *Helms* Rule "is not justified by its premises or its precedents" is that the *Helms* Rule is based on federal decisions under which a guilty plea alone is sufficient to support a judgment of guilt. See *Young v. State*, 8 S.W.3d at 660–61 (Tex.Cr.App. delivered this date). The Court's opinion says *Helms'* reli-

ance on these federal decisions is misplaced because of Texas' "unique requirement that, if a jury trial has been waived, the judgment of guilt in a felony case must be supported by evidence even when a plea of guilty was entered." See *Young*, 8 S.W.3d at 660.

The Court also observes that before *Helms* a defendant had a statutory right "to appeal anything" and that *Helms* "operated to deny the full benefit of the pre-trial hearing which was [legislatively] authorized in 1965." See *Young v. State*, 8 S.W.3d at 665 fn 24, 666; Acts 1965, 59th Leg., R.S., ch. 722, Section 1, codified in Article 44.02, V.A.C.C.P. So, according to the Court's opinion, *Helms* was inconsistent with this 1965 legislative enactment allowing a defendant "to appeal anything."

V.A.C.C.P.,[8] only a "limited abrogation" of the *Helms* Rule with respect to plea-bargained or conditional guilty pleas.[9] This legislative action left the remainder of the *Helms* Rule intact. And, despite many opportunities to do so, the Legislature has not taken any action to change our post–1977 decisions that have applied the *Helms* Rule to non-plea-bargained guilty pleas.

So, even though the *Helms* Rule might not have been justified "by its premises or its precedents" and even though it might have been inconsistent with a defendant's pre–1972 statutory right "to appeal anything," the Legislature's "limited abrogation" of the *Helms* Rule clearly indicates a legislative approval of the *Helms* Rule subject to the 1977 proviso. Otherwise, the Legislature would have entirely abrogated the *Helms* Rule. The Court's opinion contravenes this clear legislative intent and policy which we are bound to follow even if, as the Court's opinion says, it is "fundamentally at odds" with the public policy expressed in the 1977 proviso.[10]

It also is noteworthy that the Court's opinion retains some of the *Helms* Rule for errors that are independent of the judgment of guilt. See *Young*, 8 S.W.3d at 666–67 (*Helms* Rule still "renders irrelevant" any errors that are independent of the judgment of guilt). But, if, as the Court's opinion seems to say, the 1977 proviso was meant to "largely abrogate" the *Helms* Rule and to restore a defendant's pre–1972 right "to appeal anything,"

then the Court should be holding that a defendant has a right "to appeal anything" and not just those errors that support the judgment of guilt.

Finally, the Court's opinion also contains a significant holding with respect to plea-bargained or conditional guilty pleas that heretofore has not been the law. Contrary to the "plain" language of the 1977 proviso, the Court's opinion also holds a conditional guilty plea "forfeits" the right to appeal "a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." See *Young*, 8 S.W.3d at 666–67. Until now a conditional guilty plea did not "forfeit" the right to appeal these errors.

I respectfully dissent.

MANSFIELD and KELLER, JJ., join this dissent.

---

**8.** Now Tex.R.App.Proc. 25.2(b)(3).

**9.** The Court's opinion claims this 1977 proviso "largely abrogated" the *Helms* Rule. See *Young*, 8 S.W.3d at 666. Our cases, however, recognize that this was only a "limited abrogation" of the *Helms* Rule. See *Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Cr.App.), cert. denied, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).

**10.** The Court's opinion says the *Helms* Rule is "fundamentally at odds" with the public policy expressed in the 1977 proviso "to increase efficiency and decrease costs by encouraging conditional guilty pleas." See *Young*, 8

S.W.3d at 666. I disagree. The *Helms* Rule is consistent with this public policy of encouraging conditional guilty pleas. See *Leday*, 983 S.W.2d at 735 fn. 14 (McCormick, P.J., dissenting). With the *Helms* Rule a defendant would be encouraged to conditionally plead guilty with the right to appeal certain issues while a defendant who does not conditionally plead guilty would lose her right to appeal these issues. See *id.* The Court's opinion arguably puts a defendant who wastes time and resources by pleading guilty during trial in the same or in a better position as a defendant who conditionally pleads guilty pretrial. See *id.* This is inconsistent with the public policy of the 1977 proviso.