COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Joshua Wayne Hargraves v. The State of Texas

Appellate case number:   01-13-00194-CR
                         01-13-00195-CR
                         01-13-00196-CR

Trial court case number:  11-CR-0683

Trial court:              10th District Court of Galveston County

The certifications completed by the trial court in these appeals each indicate that "this is not a plea-bargain case, and the defendant has the right of appeal," with the trial judge's hand-written addition "as to punishment only." These certifications are not supported by the record presently before this Court. The record indicates that the State abandoned an enhancement paragraph for each charged offense. At the plea hearing, appellant acknowledged that if the State proceeded with the enhancement paragraphs, appellant's pleas of guilty would result in automatic life sentences. However, the record is unclear regarding whether there was any specific agreement regarding the abandonment of these enhancements. If the appellant agreed to plead guilty in exchange for the State's abandonment of the enhancement paragraphs, this charge bargain is a plea bargain, and the appellant does not have the right to appeal unless the trial court specifically granted permission. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *see also Craven v. State*, Nos. 02-11-00089-CR, 02-11-00090-CR, 2012 WL 2036449, *1 (Tex. App.—Fort Worth June 7, 2012, pet. ref'd) (State's agreement to drop enhancement in exchange for appellant's plea of guilty was charge bargain, and appellant therefore had no right of appeal). Alternatively, if there was no agreement regarding appellant's guilty pleas and the State's abandonment of the enhancements, this is not a plea bargain case, and appellant has the right to appeal, and is not limited to punishment only. *See Monreal v. State*, 99 S.W.3d 615, 619–20 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000). We therefore abate this appeal and remove it from this Court's active docket.

We direct the trial court to conduct a hearing at which a representative of the Galveston County District Attorney's Office, appellant's attorney, and appellant shall be present. If

appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to make written findings, contained in a separate written document and not a docket sheet, regarding whether appellant agreed to plead guilty in exchange for the State's abandonment of the enhancement paragraphs, or whether there was no agreement regarding the abandonment of the enhancements. The trial court is also directed to execute an amended certification of the right to appeal consistent with the trial court's findings. The certification must be signed by the judge, appellant, and appellant's counsel.

The trial court shall have a court reporter record the hearing, and a reporter's record of the hearing shall be filed in this court **within 30 days of the date of this order**. A supplemental clerk's record containing the trial court's findings and an amended certification shall be filed with the Clerk of this Court **within 30 days of the date of this order.**

The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.


Judge's signature: /s/ Justice Michael Massengale
☑ Acting individually ☐ Acting for the Court


Date: April 4, 2013

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.