NUMBER 13-99-381-CR 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

___________________________________________________________________ 



ANTHONY GEORGE STARR, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 105th District Court 

of Nueces County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Yañez and Kennedy(1) 



Opinion by Justice Kennedy 



This appeal is from a conviction for aggravated robbery in which
appellant was sentenced to twenty 20 years confinement. He was found guilty by the trial
court, following a hearing on an "open" plea of guilty, i.e., where
there was no plea bargain. The court held a full hearing on the question of punishment
before assessing punishment. Prior to the plea of guilty, the trial court also held a
hearing on appellant's motion to suppress evidence and denied the motion. 

The court heard evidence that appellant held up a camera store with a
firearm and took money from the person in charge of the store. He was apprehended a short
distance from the store and was returned to the scene where he was identified by the
person he had robbed. In addition to his plea of guilty, appellant filed in the trial
court a judicial confession and a stipulation of evidence. 

This appeal brings five issues. The first four issues allege ineffective
assistance 



of trial counsel as follows: 



Issue No. 1: Starr's valid motion to suppress was denied. Where
the law of the State of Texas precludes Starr from appealing any non-jurisdictional issues
if he enters a guilty plea without the benefit of a plea bargain, was trial counsel
ineffective in advising Starr to plead guilty without a plea bargain?(2)




Issue No. 2: Starr's competency examination revealed that he
suffers from psychotic episodes. Where the law of the State of Texas mandates an acquittal
if a defendant is insane at the time he commits an offense, was trial counsel ineffective
for failing to request a sanity evaluation? 



Issue No. 3: Starr admitted to using cocaine on the day of the
incident. Testimony at the punishment phase reveals Starr's longstanding abuse of this
drug. Where the Texas Code of Criminal Procedure provides for mitigation of punishment for
temporary insanity due to voluntary intoxication, was trial counsel ineffective for
failing to raise this issue? 



Issue No. 4: Starr has a past history of drug abuse and
depressive behavior. His psychiatrist believed that he would benefit from an intensive
drug rehabilitation program. Given the psychiatrist's expert opinion, was trial counsel
ineffective for failing to call a psychiatrist as a witness during the punishment phase of
trial? 



The fifth issue alleges that the trial court would have granted deferred
adjudication but that it was misinformed about its power to do so. 

In his first four issues appellate counsel first concedes the two-prong
measure of ineffective assistance set out in Strickland v. Washington, 466 U.S.
668 (1984).(3) He further concedes that isolated acts or
omissions of counsel will not form the basis for a reversal, citing Wilkerson v.
State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). He then, correctly, cites
authority for the proposition that a single error, if sufficiently egregious, can
constitute ineffective assistance. 

Conceding further, trial counsel states that, "When a defendant
voluntarily and understandingly pleads guilty without the benefit of a plea bargain he
waives his right to appellate review of any non-jurisdictional defects." He further
states that this rule applies to non-jurisdictional defects that occur before the entry of
the plea. And he admits that ineffective assistance is a non-jurisdictional issue. 

The foregoing statements of appellate counsel had support in the law
before the opinion of the Court of Criminal Appeals in Young v. State, 8 S.W.3d
656 (Tex. Crim. App. 2000) was handed down on January 5, 2000. Young held that
"whether rendered with or without an agreed recommendation of punishment by the
state, a valid plea of guilty or nolo contendere 'waives' or forfeits the right
to appeal a claim of error only when the judgment of guilt was rendered independent of,
and is not supported by, the error." 

Because of Young we now examine the alleged error in the first
four issues not in the standard cited in the state's reply brief, i.e. that
appellant has no standing to raise the issues, but, rather, on their merits. That is to
say, in each issue has appellant met both conditions (prongs) of the Strickland
test in order to show ineffective assistance of counsel? 

Appellant's first issue alleges ineffective assistance in counsel's
permitting appellant to plead guilty without a plea bargain for the reason that, had
appellant entered into a plea bargain agreement he could have appealed the adverse ruling
on his motion to suppress evidence. The second prong of Strickland requires that
in order for ineffective assistance to be error, appellant must demonstrate that, but for
the error, a different result would have occurred. Appellate counsel's argument
pre-supposes that appellant could have had a satisfactory plea bargain for the asking. The
record does not support this. Nor does the record support the possibility that the
prosecutor was in a negotiating mood. Trial counsel made a judgment call, as trial
counsels do everyday, and we are not in a position to second guess him. Also, there is no
showing that if a plea bargain had been entered into and an appeal taken, the ruling on
the motion to suppress would have been reversed. This is what charges of ineffective
assistance are all about. Only clear cut cases of "bad lawyering" will justify a
reversal for ineffective assistance of counsel. We deny the relief sought in issue number
one because the second prong of Strickland has not been met. 

Issue number two alleges ineffective assistance in failing to request a
sanity evaluation of appellant. In support of this issue, appellate counsel cites the
penal code to provide an affirmative defense to prosecution if at the time of the conduct
charged the actor, as a result of severe mental disease or defect, did not know that his
conduct was wrong.(4) 

Appellant was examined by a psychiatrist at trial counsel's request. The
examination was made in order to determine "defendant's mental health, and what, if
any, effect it may have upon the competency of the defendant to stand trial, as well as
with regard to the circumstances of the offense alleged and the history, character, and
rehabilitative needs of the defendant." The doctor's report of his examination is in
the record and we have examined it. The report reveals that appellant's mental problems
stem from self-induced drug and alcohol use. The report contains findings that, "his
speech was goal-directed and logical, although soft and limited" and "he was
oriented as to time, place, person, and circumstance." The report concludes,
"Mr. Starr is competent to stand trial. He has rational as well as factual
understanding of the proceedings against him and has sufficient present ability to consult
with his attorney with reasonable degree of rational understanding." 

In view of this report, we cannot fault trial counsel for not requesting
a sanity evaluation. We deny the relief sought in issue number two. 

Issues three and four are similar and relate to issue two. Issue three
questions trial counsel's not raising appellant's long-standing drug abuse in mitigation
of punishment. Issue four questions trial counsel's not offering psychiatric opinion
testimony concerning the benefit appellant would receive from an intensive drug
rehabilitation program. 

First, we note that the trial judge had the benefit of the doctor's
report of his examination of appellant referred to previously. Can anyone say with
certainty, or even arguably, that filing either or both of the two motions suggested in
issues three and four would have produced a different result in the outcome of this case?
We think not, and deny the relief sought in issues three and four. 

Issue number five alleges that the trial judge did not understand that
he had the authority to place appellant on deferred adjudication. The reference is to the
trial judge's statement at the hearing on appellant's plea of guilty: 

Do you understand that by entering a plea of guilty, once I find you
guilty that I am not allowed by law to grant you community supervision, that is,
probation. I cannot place you on probation even if I wanted to if I find you guilty. Do
you understand, sir? 



Later, the judge stated: 

As you know, now I cannot place you on community supervision with that
finding. The court will set your punishment at 20 years imprisonment. 



The Code of Criminal Procedure provides that a judge cannot grant
community supervision to a person adjudged guilty of aggravated robbery.(5) The trial judge was well aware of the law and correctly
stated it to appellant at the hearing on his plea of guilty. We deny the relief sought in
issue five and AFFIRM the judgment of the trial court. 

NOAH KENNEDY 

Retired Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 13th day of April, 2000. 

1. Retired Justice Noah Kennedy assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
74.003 (Vernon 1998). 

2. Issue number one was framed before Young v.
State which we will discuss later. 

3. Was counsel's conduct deficient and, but for such
deficient conduct, would the results have been different? 

4. Tex. Penal Code Ann, sec. 8.01 (a) (Vernon 1994) 

5. Tex. Code Crim. Proc. Ann. art. 42. 12 3g (F)
(Vernon Supp. 2000).