NO. 07-03-0061-CR


NO. 07-03-0062-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 5, 2003


______________________________




RONALD BOB, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 252
ND DISTRICT COURT OF JEFFERSON COUNTY;



NO. 85166 & 85167; HONORABLE LEONARD GIBLIN, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ. 

MEMORANDUM OPINION (1)


 Upon open pleas of guilty, appellant Ronald Bob, Jr. was convicted of burglary of a
habitation in two separate cases. After hearing appellant's pleas of true to two of the
enhancement paragraphs included in the indictments, the trial court found appellant was an
habitual offender and assessed as punishment concurrent 25 year sentences. Appellant filed
pro se notices of appeal and was appointed appellate counsel. In presenting these appeals,
counsel filed Anders briefs in support of motions to withdraw. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based upon the rationale expressed herein,
we affirm. 

 In compliance with Anders, counsel certifies he diligently reviewed the records and, in
his opinion, they reflect no reversible error or grounds upon which these appeals can be
predicated. Thus, he concludes the appeals are without merit. Additionally, counsel candidly
discusses why, under the controlling authorities, there is no error in the court's judgments. See
High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Finally, counsel certifies he provided
appellant with copies of the briefs and the reporter's records and advised him of his rights to
review the records and to file a pro se response. To date, appellant has not availed himself of
those rights. In its briefs, the State agrees with appellant's counsel that the appeals are without
merit.

 In considering requests to withdraw such as this, we face two interrelated tasks. See
McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 1904, 100
L.Ed.2d 440, 455 (1988). First, we must first satisfy ourselves that the attorney has provided
the client with a diligent and thorough search of the record for any arguable claim that might
support the client's appeal. Id. Next, we must determine if counsel has correctly concluded
the appeal is frivolous. Id.

 Our review of the records reveals the following information: (1) appellant pled guilty
without the benefit of plea bargains; (2) prior to accepting the pleas, the trial court admonished
him in accordance with article 26.13 of the Texas Code of Criminal Procedure; (3) appellant
admitted the facts alleged in the indictments and two of the enhancement paragraphs were true
and correct; (4) after accepting appellant's pleas, the court received evidence during a separate
punishment phase of the trial and sentenced appellant to 25 years confinement. The records
reveal no irregularity in the plea proceedings.

 Furthermore, we recognize that, whether entered with or without an agreed
recommendation of punishment by the State, a valid plea of guilty waives the right to appeal
a claim of error only when the judgment of guilt was rendered independent of, and is not
supported by, the error. Young v. State, 8 S.W.3d 656, 667 (Tex.Cr.App. 2000). However,
our review of the records reveals no error in any of the trial court's pretrial rulings. We,
therefore, conclude appellant's knowing, intelligent and voluntary pleas of guilty were sufficient
to waive his right to appeal. 

 Finally, we have made our own careful examination of the record in each case to
determine if there are arguable grounds which might support the appeals. See Smith v.
Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with counsel that
the appeals are without merit and are, therefore, frivolous. 

 Accordingly, counsel's motions to withdraw are granted, and the judgments of the trial
court are affirmed.


 Don H. Reavis 

 Justice


Do not publish.

 
1. Tex. R. App. P. 47.2(a).



AN>

 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).