NO. 07-03-0061-CR
NO. 07-03-0062-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 5, 2003

_____

RONALD BOB, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 85166 & 85167; HONORABLE LEONARD GIBLIN, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Upon open pleas of guilty, appellant Ronald Bob, Jr. was convicted of burglary of a habitation in two separate cases. After hearing appellant's pleas of true to two of the enhancement paragraphs included in the indictments, the trial court found appellant was an habitual offender and assessed as punishment concurrent 25 year sentences. Appellant filed *pro se* notices of appeal and was appointed appellate counsel. In presenting these appeals,

_____

[1]Tex. R. App. P. 47.2(a).

counsel filed *Anders* briefs in support of motions to withdraw. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based upon the rationale expressed herein, we affirm.

In compliance with *Anders*, counsel certifies he diligently reviewed the records and, in his opinion, they reflect no reversible error or grounds upon which these appeals can be predicated. Thus, he concludes the appeals are without merit. Additionally, counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgments. *See* High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Finally, counsel certifies he provided appellant with copies of the briefs and the reporter's records and advised him of his rights to review the records and to file a *pro se* response. To date, appellant has not availed himself of those rights. In its briefs, the State agrees with appellant's counsel that the appeals are without merit.

In considering requests to withdraw such as this, we face two interrelated tasks. *See* McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 1904, 100 L.Ed.2d 440, 455 (1988). First, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. *Id*. Next, we must determine if counsel has correctly concluded the appeal is frivolous. *Id*.

Our review of the records reveals the following information: (1) appellant pled guilty without the benefit of plea bargains; (2) prior to accepting the pleas, the trial court admonished him in accordance with article 26.13 of the Texas Code of Criminal Procedure; (3) appellant admitted the facts alleged in the indictments and two of the enhancement paragraphs were true

and correct; (4) after accepting appellant's pleas, the court received evidence during a separate punishment phase of the trial and sentenced appellant to 25 years confinement. The records reveal no irregularity in the plea proceedings.

Furthermore, we recognize that, whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty waives the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error. Young v. State, 8 S.W.3d 656, 667 (Tex.Cr.App. 2000). However, our review of the records reveals no error in any of the trial court's pretrial rulings. We, therefore, conclude appellant's knowing, intelligent and voluntary pleas of guilty were sufficient to waive his right to appeal.

Finally, we have made our own careful examination of the record in each case to determine if there are arguable grounds which might support the appeals. *See* Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with counsel that the appeals are without merit and are, therefore, frivolous.

Accordingly, counsel's motions to withdraw are granted, and the judgments of the trial court are affirmed.

Don H. Reavis<br>Justice

Do not publish.