SEXTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-083-CR

LLOYD FRANKLIN SEXTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lloyd Franklin Sexton entered an open plea of guilt to aggravated sexual assault of a child under fourteen years of age.  The trial court conducted a punishment hearing and sentenced Appellant to fifteen years’ confinement.  We affirm.

Procedural Background & Independent Review of the Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d. 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant’s counsel presents two arguable grounds on appeal:  the trial court erred in finding Appellant was competent and/or sane; and the trial court abused its discretion in sentencing Appellant to fifteen years’ confinement.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  We have conducted an independent review of the record and have determined just that.

Appellant entered an open plea of guilty, so he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004).  Further, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Seven months before the plea hearing, the trial court ordered Appellant examined regarding his competency and sanity in this case and another case that is currently on appeal to this court.
(footnote: 2)  The record in the instant case does not contain any expert’s report.  The record in Cause No. 2-03-084-CR contains an undated, unsigned, two-page “Final Report” indicating that an unnamed author interviewed Appellant on an unstated date and determined:

In my professional opinion [Appellant] does not have the intellectual or the emotional capacity to understand the wrongful nature of his acts. . . .  He lacks the internalized capacity to evaluate that act on his own. . . .  I believe that he is intellectually incapable of assisting in his defense. . . .  He does not seem to have the capacity to understand the wrongful nature of his acts, only that the discovery of these acts has significantly changed his ability to live.

This “Final Report” appears in the record in Cause No. 2-03-084-CR attached to a “Notice of Expert’s Report” submitted to the court by Appellant’s attorney on July 24, 2002, reciting that the report is from Dr. Shari Julian, the court-appointed psychologist.

The record in Cause No. 2-03-084-CR also contains two subsequent orders appointing two new experts in that cause, and reports from these two experts, both dated August 30, 2002.  In these two later reports, the experts clearly opine that based upon interviews with Appellant, in the physicians’ professional opinions Appellant is competent to stand trial and was sane at the time of the offense alleged in Cause No. 2-03-084-CR.

At the joint plea hearing on December 9, 2002, all these reports were on file with the trial court.  Appellant’s counsel did not object to the court considering any of these reports and at no time requested a competency hearing.  Therefore, Appellant has waived any claim that the trial court erred in finding Appellant to be competent and sane.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Tex. Code Crim. Proc. Ann.
 art. 46.02, §§ 2(a), 4; 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999). 
 

Additionally, the written plea admonishments as well as the plea colloquy between the trial court and Appellant at the plea hearing indicate that Appellant’s guilty plea was made freely and voluntarily.
  Further, the written waiver of Appellant, joined by his attorney, states that Appellant is mentally competent and aware of the possible punishment and the consequences of his plea.  At the plea hearing, the only mention of competency or sanity was when the court asked Appellant’s counsel if Appellant is mentally competent, and counsel responded that in his opinion Appellant is mentally competent.  No objection was lodged to any of the evidence presented to the trial court at the plea hearing. 
 Nothing in the record would support a claim that Appellant’s plea was involuntary or that Appellant was incompetent at the time of the plea hearing or insane at the time of the commission of the offense. 

After Appellant pled guilty, the trial court deferred a finding of guilt and ordered a presentence investigation report (PSI) pursuant to article 42.12, section 9(a) of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 9(a).  At the punishment hearing, Appellant testified and the court reviewed the PSI.  Appellant did not lodge any objection to the contents of the PSI.  The court found Appellant guilty and assessed his punishment at fifteen years’ confinement.  
  

The sentence assessed by the trial court for the offense is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(iii), (e) (Vernon Supp. 2004), § 12.32 (Vernon 2003).
  The sentence was based on admissible evidence provided by the State and Appellant.  We discern no reversible error during the guilt or punishment phases.  We overrule Appellant’s two arguable points.

Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.

Appellant’s Pro Se Letter Response

This court provided Appellant the opportunity to file a pro se brief.  Appellant filed a letter response that fails to raise any issue or point on appeal.

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we grant counsel’s motion to withdraw on appeal and, having overruled Appellant’s arguable points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  March 4, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Sexton v. State
, Cause No. 2-03-084-CR.  Appellant entered a guilty plea in the trial court to both cases in a joint plea hearing.  On this day, we abated the appeal in Cause No. 2-03-084-CR and remanded the case to the trial court for appointment of new counsel.