COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-083-CR

  
LLOYD 
FRANKLIN SEXTON                                                     APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Lloyd Franklin Sexton entered an open plea of guilt to aggravated sexual assault 
of a child under fourteen years of age. The trial court conducted a punishment 
hearing and sentenced Appellant to fifteen years’ confinement. We affirm.
Procedural Background & Independent Review of the Record
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no reversible grounds on appeal and referencing any grounds that 
might arguably support the appeal. See Mays v. State, 904 S.W.2d. 920, 
922-23 (Tex. App.—Fort Worth 1995, no pet.). Appellant’s counsel presents 
two arguable grounds on appeal: the trial court erred in finding Appellant was 
competent and/or sane; and the trial court abused its discretion in sentencing 
Appellant to fifteen years’ confinement.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. 
Crim. App. 1991); Mays, 904 S.W.2d at 923. We have conducted an 
independent review of the record and have determined just that.
        Appellant 
entered an open plea of guilty, so he waived the right to appeal any 
non-jurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error. See Young v. 
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdictional defects, the voluntariness of 
Appellant’s plea, potential error occurring before Appellant’s plea that 
resulted in or supports the judgment of guilt, and potential error occurring 
after the guilty plea. See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects. The trial court had 
jurisdiction over the case. See Tex. 
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004). Further, the 
indictment conferred jurisdiction on the trial court and provided Appellant with 
sufficient notice. See Tex. Const. 
art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).
        Seven 
months before the plea hearing, the trial court ordered Appellant examined 
regarding his competency and sanity in this case and another case that is 
currently on appeal to this court.[2]  The record 
in the instant case does not contain any expert’s report. The record in Cause 
No. 2-03-084-CR contains an undated, unsigned, two-page “Final Report” 
indicating that an unnamed author interviewed Appellant on an unstated date and 
determined:
  
In 
my professional opinion [Appellant] does not have the intellectual or the 
emotional capacity to understand the wrongful nature of his acts. . . . He lacks 
the internalized capacity to evaluate that act on his own. . . . I believe that 
he is intellectually incapable of assisting in his defense. . . . He does not 
seem to have the capacity to understand the wrongful nature of his acts, only 
that the discovery of these acts has significantly changed his ability to live.

  
This 
“Final Report” appears in the record in Cause No. 2-03-084-CR attached to a 
“Notice of Expert’s Report” submitted to the court by Appellant’s 
attorney on July 24, 2002, reciting that the report is from Dr. Shari Julian, 
the court-appointed psychologist.
        The 
record in Cause No. 2-03-084-CR also contains two subsequent orders appointing 
two new experts in that cause, and reports from these two experts, both dated 
August 30, 2002. In these two later reports, the experts clearly opine that 
based upon interviews with Appellant, in the physicians’ professional opinions 
Appellant is competent to stand trial and was sane at the time of the offense 
alleged in Cause No. 2-03-084-CR.
        At 
the joint plea hearing on December 9, 2002, all these reports were on file with 
the trial court. Appellant’s counsel did not object to the court considering 
any of these reports and at no time requested a competency hearing. Therefore, 
Appellant has waived any claim that the trial court erred in finding Appellant 
to be competent and sane. See Tex. 
R. App. P. 33.1(a)(1); Tex. Code Crim. Proc. Ann. art. 46.02, 
§§ 2(a), 4; Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999).
        Additionally, 
the written plea admonishments as well as the plea colloquy between the trial 
court and Appellant at the plea hearing indicate that Appellant’s guilty plea 
was made freely and voluntarily. Further, the written waiver of Appellant, 
joined by his attorney, states that Appellant is mentally competent and aware of 
the possible punishment and the consequences of his plea. At the plea hearing, 
the only mention of competency or sanity was when the court asked Appellant’s 
counsel if Appellant is mentally competent, and counsel responded that in his 
opinion Appellant is mentally competent. No objection was lodged to any of the 
evidence presented to the trial court at the plea hearing. Nothing in the record 
would support a claim that Appellant’s plea was involuntary or that Appellant 
was incompetent at the time of the plea hearing or insane at the time of the 
commission of the offense.
        After 
Appellant pled guilty, the trial court deferred a finding of guilt and ordered a 
presentence investigation report (PSI) pursuant to article 42.12, section 9(a) 
of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a). At the 
punishment hearing, Appellant testified and the court reviewed the PSI. 
Appellant did not lodge any objection to the contents of the PSI. The court 
found Appellant guilty and assessed his punishment at fifteen years’ 
confinement.
        The 
sentence assessed by the trial court for the offense is within the punishment 
range provided for by law. See Tex. 
Penal Code Ann. § 22.021(a)(1)(B)(iii), (e) (Vernon Supp. 2004), § 
12.32 (Vernon 2003). The sentence was based on admissible evidence provided by 
the State and Appellant. We discern no reversible error during the guilt or 
punishment phases. We overrule Appellant’s two arguable points.
Motion to Withdraw
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is frivolous. 
Accordingly, we grant counsel’s motion to withdraw.
Appellant’s Pro Se Letter Response
        This 
court provided Appellant the opportunity to file a pro se brief. Appellant filed 
a letter response that fails to raise any issue or point on appeal.
Conclusion
        Based 
upon our independent review of this record, we have determined that there is no 
error on which an appeal could be based or which would require reversal of this 
case. Therefore, we grant counsel’s motion to withdraw on appeal and, having 
overruled Appellant’s arguable points, we affirm the trial court’s judgment.

  
                                                          DIXON 
W. HOLMAN
                                                          JUSTICE
 
  
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 4, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Sexton v. State, Cause No. 2-03-084-CR. Appellant entered a guilty plea 
in the trial court to both cases in a joint plea hearing. On this day, we abated 
the appeal in Cause No. 2-03-084-CR and remanded the case to the trial court for 
appointment of new counsel.