COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-040-CR
        2-03-041-CR

  
DREXEL 
DON GAFFNEY, JR.                                                   APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. 
Introduction
        Appellant 
Drexel Don Gaffney, Jr., entered an open plea of guilt to aggravated robbery 
with a deadly weapon. He also pleaded true to allegations that he had violated 
the terms of his probation for a prior robbery. The trial court conducted a 
punishment hearing and, following the hearing, sentenced Gaffney to 45 years’ 
confinement for the aggravated robbery and to six years’ confinement for the 
robbery, to be served concurrently. We affirm.
II. 
Procedural Background & Independent Review of the Record
        Gaffney’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. 
Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.—Fort 
Worth 1995, no pet.). We have conducted an independent review of the record and 
have determined just that.
        Gaffney 
entered an open plea of guilty, so he waived the right to appeal any 
non-jurisdictional defects, other than the voluntariness of his pleas, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error. See Young v. 
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdiction defects, the voluntariness of 
Gaffney’s plea, potential error occurring before Gaffney’s plea that 
resulted in or supports the judgment of guilt, and potential error occurring 
after the guilty plea. See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects. The trial court has 
jurisdiction over the case. See Tex. Code 
Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004). Further, the indictment 
conferred jurisdiction on the trial court and provided Gaffney with sufficient 
notice. See Tex. Const. 
art. V § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).
        The 
written plea admonishments as well as the plea colloquy between the trial court 
and Gaffney indicate that Gaffney’s pleas were made freely and voluntarily. 
Nothing in the record would support a claim that Gaffney’s plea was 
involuntary.
        No 
objection was lodged to any of the evidence presented to the trial court at the 
plea hearing. The sentence assessed by the trial court for each offense is 
within the punishment range provided for by law. See Tex. Penal Code Ann. §§ 12.32, 12.33, 
29.02(b), 29.03(b) (Vernon 2003). The sentence was based on admissible evidence 
provided by the State and Gaffney. We discern no reversible error during the 
punishment phase.
III. 
Motion to Withdraw
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is frivolous. 
Accordingly, we grant counsel’s motion to withdraw.
IV. 
Gaffney’s Pro Se Brief
        This 
court provided Gaffney the opportunity to file a pro se brief. Gaffney filed a 
pro se brief raising three points. Two of Gaffney’s points pertain to the 
judgment entered in our appellate cause number 2-03-042-CR. Gaffney does not 
make this complaint concerning the judgments entered in the two appeals at issue 
here. We concluded in appeal number 2-03-042-CR that Gaffney was entitled to 
have his complaints about the judgment raised in a brief on the merits and, 
accordingly, we abated that appeal and remanded that case to the trial court for 
a hearing.
        In 
his third point, applicable to the present appeals, Gaffney claims his trial 
counsel was ineffective. Specifically, Gaffney claims that his trial counsel was 
ineffective by allowing the trial court to violate his rights under the Fifth, 
Sixth, and Fourteenth Amendments to the United States Constitution by advising 
him to plead guilty to an agreement which was issued by a non-jurisdictional 
court. Gaffney entered an open plea of guilt after signing written admonishments 
and receiving verbal admonishments from the trial court. Nothing in the record 
before us supports Gaffney’s claim that his rights under the Fifth, Sixth, or 
Fourteenth Amendments to the United States Constitution were violated.
        Turning 
to Gaffney’s ineffective assistance of counsel claim, we apply a two-pronged 
test to ineffective assistance of counsel claims. Strickland v. Washington, 
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 
S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that his 
counsel's performance was deficient; second, appellant must show the deficient 
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. 
Ct. at 2064. In evaluating the effectiveness of counsel under the first prong, 
we look to the totality of the representation and the particular circumstances 
of each case. Thompson, 9 S.W.3d at 813. The issue is whether counsel's 
assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error. Strickland, 466 U.S. 
at 688-89, 104 S. Ct. at 2065. “[C]ounsel is strongly presumed to have 
rendered adequate assistance and made all significant decisions in the exercise 
of reasonable professional judgment.” Id. at 690, 104 S. Ct. at 2066. 
Applying this standard, the record before us does not support Gaffney’s claim 
that his counsel was ineffective. We overrule Gaffney’s second point.
V. 
Conclusion
        Based 
on our independent review of this record, we have determined that there is no 
error on which an appeal could be based or which would require reversal of this 
case. Therefore, we grant counsel’s motion to withdraw on appeal and having 
overruled Gaffney’s arguable points, we affirm the trial court’s judgments.

  
                                                                  SUE 
WALKER
                                                                  JUSTICE

  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 4, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.