COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-080-CR

OSCAR G. CHAIDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Oscar G. Chaidez entered an open plea of guilty to murder.
(footnote: 2)  The trial court assessed Appellant’s punishment at twenty-five years’ confinement.  We affirm.

Procedural Background
 

On January 6, 2006, Appellant signed a Judicial Confession and Written Plea Admonishments, acknowledging that he was entering an open plea of guilty to the offense of murder, a first degree felony.  The plea included assessment of punishment by the court after preparation of a presentence investigation report (PSI).
(footnote: 3) 
 Appellant waived his right to have a court reporter make a record of the proceedings at which he would enter his guilty plea. Accordingly, the appellate record does not contain a court reporter’s transcription of the guilty plea hearing.
  The trial court accepted Appellant’s plea and deferred sentencing until a PSI had been prepared.

On March 3, 2006, the trial court reviewed the PSI and offered the parties an opportunity to present additional evidence regarding punishment.
(footnote: 4) Neither party presented any evidence.
(footnote: 5)  Appellant’s counsel asked the court to take into consideration Appellant’s age and that he has had a good family, and to assess punishment at twenty years or less in the penitentiary.
(footnote: 6)  The State asked the court to take into consideration the impact of the victim’s death on his family and to assess punishment at twenty-five years or more in the penitentiary.  At the conclusion of the hearing, the trial court found Appellant guilty based upon the guilty plea he had previously entered, and assessed Appellant’s punishment at twenty-five years’ confinement.  In doing so, the court stated, “The reason why I’m doing it is you’ve been in our jail and have had continued problems up in the jail, minor or major.  There are some rules that have to be followed and you haven’t been able to follow them.”

Independent Review Of The Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his motion and brief, counsel avers that in his professional opinion this appeal is wholly frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant was provided the opportunity to file a pro se brief, but has not filed one.  The State has not filed an appellate brief.

 
 In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Discussion
 

We have carefully reviewed the record before us,
(footnote: 7) including the PSI and the reporter’s record from the punishment hearing, and counsel’s brief.  We agree the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Therefore, we grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 22, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 19.02(b)(1) (Vernon 2003).

3:
See id.
 § 19.02(c).

4:
Appellant did not request the court to consider placing him on  community supervision.

5:
The State said it would “just submit the PSI to the Court,” and Appellant’s counsel said “we’ll rest with the Presentence Investigation Report.” 

6:
The punishment range for a first degree felony is between five and ninety-nine years’ confinement, and a fine not to exceed $10,000.  
Id.
 § 12.32.

7:
As stated earlier, Appellant waived the right to have a court reporter present at the January 6, 2006 hearing at which he entered his guilty plea.