COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-222-CR

 

 

NICHOLAS CHARLES BOULET                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Nicholas Charles
Boulet entered an open plea of guilty to aggravated robbery with a deadly
weapon, a firearm.[2]  The trial court assessed Appellant=s punishment at twenty years= confinement.  We affirm.

 








                                      Procedural Background 

On April 20, 2006, Appellant signed a Judicial Confession
and Written Plea Admonishments, acknowledging that he was entering an open plea
of guilty to the offense of aggravated robbery with a deadly weapon, a first
degree felony.  The plea included
assessment of punishment by the court after preparation of a presentence
investigation report (PSI).  Appellant
signed an application for community supervision.  He waived his right to have a court reporter
make a record of the proceedings at which he would enter his guilty plea.  Accordingly, the appellate record does not
contain a court reporter=s transcription of the guilty plea
hearing.  The trial
court accepted Appellant=s plea and
deferred sentencing until a PSI had been prepared.








On June 30, 2006, the trial
court reviewed the PSI and offered the parties an opportunity to present
additional evidence regarding punishment. 
Appellant=s mother,
grandmother, and uncle testified regarding Appellant=s background and his request to be placed on community
supervision.  Appellant=s counsel asked the court to take into consideration that
Appellant  has a good family and no prior
criminal history, he has expressed remorse about this incident and what
happened to the injured party, and he has the ability to make restitution.  Accordingly, Appellant=s counsel asked the court to assess community supervision with the
requirement that Appellant make restitution to 
the injured party=s employer
of approximately $167,000 in medical expenses and lost wages.  The State asked the court to take into
consideration that Appellant brandished a gun and threatened to kill the
injured party during this aggravated robbery and actually caused him some
pretty serious injuries, and to assess punishment at not Avery much less than@ twenty-five years= confinement.[3]  At the conclusion of the hearing, the trial
court found Appellant guilty based upon the guilty plea he had previously
entered, and assessed Appellant=s punishment at twenty years= confinement.

                         Independent
Review Of The Record








Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion
and brief, counsel avers that in his professional opinion this appeal is wholly
frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995,
no pet.).  Appellant was provided the
opportunity to file a pro se brief and has filed one.  The State has not filed an appellate brief.

          In
our duties as a reviewing court, we must conduct an independent evaluation of
the record to determine whether counsel is correct in determining that the
appeal is frivolous.  See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d
at 923.  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered an open plea of guilty, so he waived the
right to appeal any nonjurisdictional defects, other than the voluntariness of
his plea, that occurred before entry of the plea so long as the judgment of
guilt was rendered independent of, and is not supported by, the alleged error.  See Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex.
Crim. App. 1995).  Therefore, our
independent review of the record is limited to potential jurisdictional
defects, the voluntariness of Appellant=s plea, potential
error occurring before Appellant=s plea that
resulted in or supports the judgment of guilt, and potential error occurring
after the guilty plea.  See Young,
8 S.W.3d at 666-67.

 

 








                                           Discussion 

Counsel=s brief lists as arguable sources of error whether the court  abused its discretion by not placing him on
community supervision when he was eligible for and had filed an application
requesting community supervision, and in sentencing him to twenty years= confinement.  Appellant=s pro se brief recites these same arguable sources of error; Appellant
also contends that his counsel was ineffective and that his conviction was Acoerced@ because his
counsel told him that the trial court would only sentence Appellant to ten
years or less.[4]

                                           Conclusion

We have carefully reviewed
the record before us,[5] including indictment, the judgment, the PSI, the reporter=s record from the punishment and sentencing hearing, counsel=s brief, and Appellant=s pro se brief.  We agree the
appeal is wholly frivolous and without merit.

 








We find nothing in the record that might arguably
support the appeal.  See Bledsoe v.
State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Therefore, we grant the motion to withdraw
filed by Appellant=s counsel
and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
March 1, 2007











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. '' 29.02(a)(2), 29.03(a)(2) (Vernon
2003).





[3]The punishment range for a first
degree felony is between five and ninety-nine years= confinement, and a fine not to
exceed $10,000.  Id. ' 12.32.





[4]Appellant did not mention this
latter contention at the punishment hearing or at sentencing.  He did not file a motion for new trial
raising this contention; therefore, the record contains nothing supporting this
contention.





[5]As stated earlier, Appellant waived
the right to have a court reporter present at the hearing at which he entered
his guilty plea.