COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.
2-06-119-CR

        2-06-120-CR

 

 

CHARLES ANTHONY LEWIS                                                  APPELLANT

A/K/A
CHARLES LEWIS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Charles Anthony
Lewis a/k/a Charles Lewis entered open pleas of guilty to two charges of
aggravated robbery with a deadly weapon.[2]  On November 4, 2005, Appellant signed written
plea admonishments and a judicial confession in each case, acknowledging that he was entering
open pleas of guilty to two charges of aggravated robbery with a deadly weapon,
a first-degree felony.  Appellant waived
his right to have a court reporter make a record of the proceedings at which he
would enter his guilty plea. 
Accordingly, the appellate record does not contain a court reporter=s transcription of
the guilty plea hearing.  The trial court
deferred making a finding on Appellant=s pleas and
sentencing him until a presentence investigation report (PSI) had been
prepared.








On March 3, 2006, the trial court took judicial notice of
the PSI and offered the parties an opportunity to present additional evidence
regarding punishment.  Appellant=s mother,
grandmother, stepfather, uncle, and a family friend testified regarding
Appellant=s background and the impact of his brother=s death on him and
requested leniency in Appellant=s sentencing.  Appellant=s counsel asked
the court to take into consideration that Appellant had strong family support
and that although Appellant had denied personally using a gun during the
robbery, he had admitted all other involvement in the crime.  Appellant=s counsel also
asked the court to consider Appellant=s diagnoses of
behavioral disorders and need for medication and consider that, with proper
therapy and treatment, Appellant=s behavior could
improve.  The State asked the court to
take into consideration the physical and mental impact that the robbery had on
Appellant=s victims, noted that this was not
Appellant=s Afirst run-in with
the law,@ stated that the
only leniency Appellant showed the victims was not shooting them, and asked the
court to assess Aa significant amount of time@ in the
penitentiary.[3]  At the conclusion of the hearing, the trial
court found Appellant guilty based upon the guilty pleas that he had previously
entered and assessed Appellant=s punishment in
each case at twenty-eight years= confinement.

Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion
and brief, counsel avers that in his professional opinion these appeals are
wholly frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeals.  See Mays v. State, 904 S.W.2d 920,
922-23 (Tex. App.CFort Worth 1995, no pet.).  Appellant was provided the opportunity to
file a pro se brief but did not file one. 








In our duties as a reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeals are frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays, 904 S.W.2d at 923. 
Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered open pleas of guilty, so he waived the
right to appeal any nonjurisdictional defects, other than the voluntariness of
his pleas, that occurred before entry of the pleas so long as the judgment of
guilt was rendered independently of, and is not supported by, the alleged
error.  See Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1,
4-5 (Tex. Crim. App. 1995).  Therefore,
our independent review of the record is limited to potential jurisdictional
defects, the voluntariness of Appellant=s pleas, potential
error occurring before Appellant=s pleas that
resulted in or supports the judgments of guilt, and potential error occurring
after the guilty pleas.  See Young,
8 S.W.3d at 666-67.








We have carefully reviewed
the record before us, including the indictments, the judgments, the PSI, the
reporter=s record from the sentencing hearing, and counsel=s brief.  We agree that the
appeals are wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeals.  See Bledsoe v. State, 178 S.W.3d 824,
827 (Tex. Crim. App. 2005).  Therefore,
we grant the motion to withdraw filed by Appellant=s counsel and affirm the trial court=s judgments.

PER CURIAM

PANEL F:    MCCOY, LIVINGSTON,
and DAUPHINOT, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 9, 2007











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. '' 29.02(a)(1), 29.03(a)(2) (Vernon
2003).





[3]The punishment range for a
first-degree felony is between five and ninety-nine years= confinement, and a fine not to
exceed $10,000.  Id. ' 12.32.