COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-015-CR

STEVEN DWANE WASHINGTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Steven Dwane Washington entered an open plea of guilty to the charge of driving while intoxicated, felony repetition and pleaded “true” to a repeat-offender enhancement allegation recited in the indictment.  The trial court convicted Appellant, found the repeat-offender allegation to be true, and sentenced him to nine years’ confinement.  

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In her brief, counsel has reviewed the history of the case, including detailing the evidence presented.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.
(footnote: 3)  Although this court gave Appellant the opportunity to file a pro se brief, he did not file one.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5)  
Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 6) We have carefully reviewed the record and counsel’s brief.  We agree with counsel that this appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.
(footnote: 7)
 Consequently, we grant the motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  February 7, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.

5:
See Penson v. Ohio
, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351 (1988).

6:
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State
, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

7:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).