COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-383-CR

 

 

ALVIN ENNIS, JR.                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Alvin Ennis, Jr.
entered an open plea of guilty to the charge of possession of more than four
grams but less than 200 grams of cocaine with intent to deliver and pled true
to the deadly weapon allegation in the indictment. The trial court found Ennis
guilty and assessed punishment at ten years= confinement.








Ennis=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
Counsel=s brief and
motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Additionally, Ennis was given the opportunity to file a pro se brief,
but he did not do so.[3]








As the reviewing court, we
must conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.[4]  Only then may we grant counsel=s motion to withdraw.[5]  Because Ennis entered an open plea of guilty,
our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Ennis=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[6]

We have carefully reviewed
the record and counsel=s
brief.  We agree with counsel that this
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeal.[7]  We therefore grant counsel=s motion to withdraw and affirm the trial court=s judgment.

 

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
February 28, 2008











[1]See Tex.
R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).





[3]We note that Ennis filed a letter
objecting to his attorney=s motion to withdraw, in which he
states that there are Amissing discussions@ between his attorney and the trial
court regarding the deadly weapon finding and Aother areas.@ 
He states that these discussions would be helpful to his appeal but
fails to specifically explain what was said and how these discussions affect
the trial court=s judgment.  Further, Ennis failed to recognize that he
signed a written plea of true to the deadly weapon allegation, which supports
the trial court=s deadly weapon finding.





[4]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort Worth 1995, no pet.).





[5]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).





[6]See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim.
App. 2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).





[7]See
Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005).