

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-351-CR

SHIRLEY T. JONES                                                          APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Shirley T. Jones entered an open plea of guilty to the charge of aggravated assault with a deadly weapon. The trial court found appellant guilty and assessed her punishment at ten years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and

---

[1] See TEX. R. APP. P. 47.4.

motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant was given the opportunity to file a pro se brief, but she did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit. We find

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

nothing in the record that might arguably support the appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.


TERRIE LIVINGSTON
JUSTICE

PANEL F:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 22, 2008

3