

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NOS.  2-08-248-CR
2-08-249-CR
2-08-250-CR


JARVIS PAUL MCKINNEY                                                   APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jarvis Paul McKinney entered open pleas of nolo contendere to two charges of possession with intent to deliver a controlled substance, four grams or more but less than two hundred grams (heroin),[2] and to one charge of engaging in organized criminal activity—aggravated assault with a deadly

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003).

weapon.[3]  The trial court found him guilty of all three charges and assessed punishment of fifteen years' confinement for each conviction, to run concurrently.[4]

McKinney's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave McKinney the opportunity to file a pro se brief, and he has filed one.  In addition, the State has filed a letter brief.[5]

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).  Because

---

[3] *See* Tex. Penal Code Ann. § 71.02(a)(1) (Vernon Supp. 2008).

[4] The punishment range for each of these offenses is confinement for life or for any term of not more than ninety-nine years or less than five years, and up to a $10,000 fine.  *See* Tex. Penal Code Ann. § 12.32 (Vernon 2003).

[5] The State's letter brief indicates only that it agrees with McKinney's counsel that there is no reversible error and that it will not reply to McKinney's pro se brief.

2

McKinney entered open pleas of no contest, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of McKinney's pleas, error that is not independent of and supports the judgments of guilt, and error occurring after entry of the no contest pleas. *See Monreal v. State*, 99 S.W.3d 615, 619–20, 622 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, counsel's *Anders* brief, McKinney's pro se brief, and the sealed presentence investigation report. We agree with counsel that these appeals are wholly frivolous and without merit. We find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009