COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-238-CR

 

 

TOMMY
LEE AMELINE A/K/A                                                 APPELLANT

MARCUS SAVAGE CONNERS III

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            INTRODUCTION








Appellant Tommy Lee Ameline a/k/a Marcus Savage
Conners III entered an open plea of guilty for failure to comply with sexual
offender registration requirements.[2]  After the preparation of a presentence
investigation report (PSI), the trial court sentenced him to eight years=
confinement.  We will affirm.

                                     PROCEDURAL BACKGROUND

On April 9, 2008, Ameline signed a Judicial
Confession and Written Plea Admonishments, acknowledging that he was entering
an open plea of guilty to the offense of failure to comply with sexual offender
registration requirementsC a third degree felony
punishable by between two and ten years=
confinement and up to a $10,000 fine.[3]  The plea included assessment of punishment by
the trial court after preparation of a PSI. 
Ameline waived his right to have a court reporter make a record of the
proceedings at which he would enter his guilty plea.  Accordingly, the appellate record does not
contain a court reporter=s transcription of the guilty
plea hearing.  The trial court accepted
Ameline=s plea
and deferred sentencing until after the PSI had been prepared.








On July 2, 2008, the trial court reviewed the PSI
and offered the parties an opportunity to present additional evidence regarding
punishment.  Ameline=s
girlfriend=s son testified that despite
Ameline=s
checkered past, Ameline had turned his life around and that he regularly
attended church.  He also said that
Ameline was a positive influence on his mother and that Ameline had been
homeless during the time he had failed to register as a sexual offender.  Based on the premise that Ameline had turned
his life around, Ameline=s counsel asked the trial court
to assess probation.  The State asked the
trial court to take into consideration Ameline=s PSI,
including an apparent discrepancy concerning Ameline=s
previously registered address and Ameline=s lengthy
criminal history.  At the conclusion of
the hearing, the trial court found Ameline guilty based upon his earlier guilty
plea and sentenced Ameline to eight years=
confinement.

                              INDEPENDENT REVIEW OF THE RECORD

Ameline=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
his motion and brief, counsel avers that in his professional opinion this
appeal is wholly frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Ameline was
provided the opportunity to file a pro se brief and has filed one.  The State has not filed an appellate brief.








In our duties as a reviewing court, we must
conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 83B84, 109 S. Ct. 346, 351 (1988).

Ameline entered an open plea of guilty, so he
waived the right to appeal any nonjurisdictional defects, other than the
voluntariness of his plea, that occurred before entry of the plea so long as
the judgment of guilt was rendered independent of, and is not supported by, the
alleged error.  See Young v. State,
8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000); Lewis
v. State, 911 S.W.2d 1, 4B5 (Tex.
Crim. App. 1995).  Therefore, our
independent review of the record is limited to potential jurisdictional
defects, the voluntariness of Ameline=s plea,
potential error occurring before Ameline=s plea
that resulted in or supports the judgment of guilt, and potential error
occurring after the guilty plea.  See
Young, 8 S.W.3d at 666B67.








                                             CONCLUSION

We have carefully reviewed the record before us,[4]
including the indictment, the judgment, and the reporter=s record
from the punishment and sentencing hearing, as well as counsel=s brief
and Ameline=s pro se brief.[5]  We agree the appeal is wholly frivolous and
without merit.  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  MEIER, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 29, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc.
Ann. art. 62.102 (Vernon 2006).





[3]Tex. Penal Code Ann. ' 12.34 (Vernon Supp.
2009).





[4]As stated earlier,
Ameline waived the right to have a court reporter present at the hearing at
which he entered his guilty plea.





[5]We conclude that the
point asserted in Ameline=s brief regarding
ineffectiveness of trial counsel does not constitute an arguable ground for
relief.