

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-238-CR

TOMMY LEE AMELINE A/K/A                                    APPELLANT
MARCUS SAVAGE CONNERS III

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### INTRODUCTION

Appellant Tommy Lee Ameline a/k/a Marcus Savage Conners III entered

an open plea of guilty for failure to comply with sexual offender registration

---

[1] *See* Tex. R. App. P. 47.4.

requirements.[2]  After the preparation of a presentence investigation report (PSI), the trial court sentenced him to eight years' confinement.  We will affirm.

### PROCEDURAL BACKGROUND

On April 9, 2008, Ameline signed a Judicial Confession and Written Plea Admonishments, acknowledging that he was entering an open plea of guilty to the offense of failure to comply with sexual offender registration requirements — a third degree felony punishable by between two and ten years' confinement and up to a $10,000 fine.[3]  The plea included assessment of punishment by the trial court after preparation of a PSI.  Ameline waived his right to have a court reporter make a record of the proceedings at which he would enter his guilty plea.  Accordingly, the appellate record does not contain a court reporter's transcription of the guilty plea hearing.  The trial court accepted Ameline's plea and deferred sentencing until after the PSI had been prepared.

On July 2, 2008, the trial court reviewed the PSI and offered the parties an opportunity to present additional evidence regarding punishment. Ameline's girlfriend's son testified that despite Ameline's checkered past, Ameline had turned his life around and that he regularly attended church.  He also said that Ameline was a positive influence on his mother and that Ameline had been

---

[2] *See* Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon 2006).

[3] Tex. Penal Code Ann. § 12.34 (Vernon Supp. 2009).

2

homeless during the time he had failed to register as a sexual offender. Based on the premise that Ameline had turned his life around, Ameline's counsel asked the trial court to assess probation. The State asked the trial court to take into consideration Ameline's PSI, including an apparent discrepancy concerning Ameline's previously registered address and Ameline's lengthy criminal history. At the conclusion of the hearing, the trial court found Ameline guilty based upon his earlier guilty plea and sentenced Ameline to eight years' confinement.

**INDEPENDENT REVIEW OF THE RECORD**

Ameline's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In his motion and brief, counsel avers that in his professional opinion this appeal is wholly frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Ameline was provided the opportunity to file a pro se brief and has filed one. The State has not filed an appellate brief.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining

3

that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351 (1988).

Ameline entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error. *See Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); *Lewis v. State*, 911 S.W.2d 1, 4–5 (Tex. Crim. App. 1995). Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Ameline's plea, potential error occurring before Ameline's plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea. *See Young*, 8 S.W.3d at 666–67.

4

## CONCLUSION

We have carefully reviewed the record before us,[4] including the indictment, the judgment, and the reporter's record from the punishment and sentencing hearing, as well as counsel's brief and Ameline's pro se brief.[5]  We agree the appeal is wholly frivolous and without merit.  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2009

---

[4] As stated earlier, Ameline waived the right to have a court reporter present at the hearing at which he entered his guilty plea.

[5] We conclude that the point asserted in Ameline's brief regarding ineffectiveness of trial counsel does not constitute an arguable ground for relief.